CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAY 31 2019

JULIA C. DUDLEY, CLERK
BY: H McDonad
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM F. MILGRIM, JR., | ) |
| Plaintiff, | ) CASE NO. 7:18CV00048 |
| v. | ) MEMORANDUM OPINION |
| HAROLD CLARKE, ET AL., | ) By: Hon. Jackson L. Kiser |
| Defendants. | ) Senior United States District Judge |

This prisoner civil rights action under 42 U.S.C. § 1983 is before me on a motion from the pro se plaintiff, William F. Milgrim, Jr., that is titled "Motion for Protective Order," [ECF No. 77]. This motion, which I construe as one seeking interlocutory injunctive relief, must be denied.

To obtain a preliminary injunction, a plaintiff must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). Critically, each of these four requirements must be satisfied. Id. Thus, a plaintiff must make a "clear" showing that he is likely to suffer irreparable harm absent relief. Id.

Milgrim's complaint, filed in February of 2018, alleges that the defendant prison officials were deliberately indifferent to his serious medical needs in 2016 and 2017, interfered with his ability to litigate a habeas corpus petition, and retaliated against him by transferring him to a different prison facility in 2016. He also complains that the Prison Litigation Reform Act is

unconstitutional. The defendants have filed a motion for summary judgment, and Milgrim has responded.[1]

In the present motion, Milgrim asserts that in March of 2019, he pleaded guilty to a prison disciplinary charge and, in retaliation for this lawsuit, officials imposed more penalties than permitted by the prison regulations. The plaintiff apparently seeks a court order directing officials to remove the extra penalties, which were "25 days in the hole," loss of his prison job and income, removal from the "Veteran's" pod, and a threat that he would be transferred to another prison. (Mot. 1 [ECF No. 77].)

I cannot find that the requested interlocutory injunctive relief is warranted in this case. First, Milgrim's allegation that these penalties were imposed because of this lawsuit are merely conclusory, and thus he fails to demonstrate a likelihood of success on the merits of his retaliation claim.[2] See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (summarily dismissing retaliation claim as insufficient because it consisted of merely conclusory allegations and no facts to show retaliatory motivation). Second, Milgrim fails to demonstrate that the penalties of which he complains qualify as <u>irreparable</u> harm. Third and fourth, I cannot find that the balance of the equities tips in Milgrim's favor, or that public interest would be served by court interference in these internal prison proceedings. Accordingly, Milgrim fails to make the showings required under Winter, and I will deny his motion accordingly. An appropriate order will enter this day.

---

[1] I will address the defendants' motion in a separate opinion and order.

[2] For the same reason, I also decline to construe Milgrim's submission as a motion to amend the complaint.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for defendants.

**ENTERED** this 31st day of May, 2019.

/s/ Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE